UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUANITA BROWN, FRANCES DORSEY,
THERESA DORSEY, VICTORIA
DORSEY, VICTORIA DORSEY, RUBY
HAWKINS, TAWANYA PcMATH,
SHEENA PUGH, JANELISSE RAMIREZ,
TRENA LENON, JESSICA RIVERA,
MARGARET EXPERIENCE,
                   Plaintiffs,

-vs-                                 Case No. 6:06-cv-1329-Orl-18JGG

U.S. DEPARTMENT OF AGRICULTURE,
MIKE JOHANNS,
HOWTHORNE VILLAGE
CORPORATION OF APOPKA, INC.,
                   Defendants.

## ORDER

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Preliminary Injunction. (Doc. 4, filed September 8, 2006.) Plaintiffs request this Court to issue a preliminary injunction to prevent Defendants, the United States Department of Agriculture ("USDA") and Hawthorne Village Corporation of Apopka ("HVCA"), from taking any action to remove or evict Plaintiffs from Hawthorne Village Apartments during the pendency of this action or until the USDA provides relocation assistance to Plaintiffs. For the reasons stated herein, the motion is denied.

### I. BACKGROUND

Plaintiffs are eleven low income tenants of Hawthorne Village Apartments. Hawthorne Village Apartments is an eighty-three unit apartment complex in Apopka, Florida that was

developed in 1982 with financial assistance from the USDA Rural Development Farm Worker Housing Program. Its goal was to provide affordable rental housing to farm laborers and their families. The apartment complex was originally operated by the Orlando Housing Authority, subject to regulation by the USDA. In February 2004, the USDA approved the transfer of ownership of Hawthorne Village Apartments to HVCA, a subsidiary of Homes in Partnership ("HIP"), a not-for-profit housing developer. At that time, HVCA executed a mortgage with the USDA Rural Housing Service.

Since its development, the physical conditions of the complex have undergone considerable decline, including problems such as water intrusion, mold, and mildew. In March 2006, Orange County determined that since the complex had been severely damaged by moisture, mold, and termites, it would be cost prohibitive to renovate the existing buildings. According to Plaintiffs, at some point between March and June 2006, the USDA approved HVCA's request to close Hawthorne Village Apartments and demolish the apartment complex.

On May 30, 2006, Plaintiffs were notified that Hawthorne Village Apartments would be closed and that all tenants would have to vacate the apartments no later than July 31, 2006 (a 60-day period). This departure date was later extended to August 31, 2006. According to Plaintiffs, on June 2, 2006, the USDA issued a Letter of Priority Entitlement ("LOPE") to all tenants, allowing them priority selection at any USDA or Department of Housing and Urban Development properties. In addition, Plaintiffs acknowledge that the USDA has offered to provide assistance with moving expenses to tenants who relocate to other USDA subsidized properties.

Plaintiffs filed a Complaint against Defendants (Doc. 1, filed September 5, 2006) alleging that the USDA failed to provide benefits as provided by the Federal Uniform Relocation Act ("URA"). In addition, Plaintiffs allege state law claims against HVCA for violations of the mortgage agreement with the USDA and for violations of the rental agreements with Plaintiffs.

Plaintiffs now move for a preliminary injunction to preserve the status quo by directing the USDA and HVCA not to take any action to remove or evict Plaintiffs from Hawthorne Village Apartments during the pendency of their action or until the USDA provides benefits under the URA.

## II. ANALYSIS

In order to obtain a preliminary injunction, a party must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that his own injury outweighs the injury to the defendant; and (4) that issuance of the injunction would not be adverse to the public interest. See Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627 (11th Cir. 1992); Palmer v. Braun, 155 F. Supp. 2d 1327, 1331 (M.D. Fla. 2001). "The burden of persuasion in all of the four requirements is at all times upon the plaintiff." Ne. Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville, 896 F.2d 1283, 1284 (11th Cir. 1990) (internal quotation marks omitted).

"A preliminary injunction is a powerful exercise of judicial authority in advance of trial." Id. In the Eleventh Circuit, a "showing of irreparable [harm or] injury is the sine qua non of injunctive relief." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal quotation

marks omitted). Thus, the threatened injury must be "neither remote nor speculative, but actual and imminent." Ne. Fla. Chapter, 896 F.2d at 1285. "Claims based on speculative or hypothetical harm are not ripe for judicial review." Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1264 n.3 (S.D. Fla. 1997) (citing Ass'n for Children for Enforcement of Support, Inc. v. Conger, 899 F.2d 1164, 1165 (11th Cir. 1990)). Furthermore, "an injury is 'irreparable' only if it cannot be undone through monetary remedies." Ne. Fla. Chapter, 896 F.2d at 1285. Indeed, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Sampson v. Murray, 415 U.S. 61, 90 (1974).

Plaintiffs have failed to show that they will suffer irreparable harm without preliminary injunctive relief. Plaintiffs have admitted that Defendants have taken no action to evict the Plaintiffs from their homes. (Doc. 4.) Each Plaintiff's lease is due to expire in less than one year. Moreover, the USDA issued LOPE letters and offered to assist with moving expenses.

Plaintiffs were given 60-day notice by HVCA that they would have to relocate, but that period was later extended by an additional 30 days with the final date set for August 31, 2006. Yet, it was not until September 8, 2006 that Plaintiffs filed their Motion for Preliminary Injunction. Such a delay undermines Plaintiffs' argument that irreparable injury is imminent to an extent requiring drastic injunctive relief.

Plaintiffs argue that the LOPE letters are of limited value because there are no other USDA properties near Hawthorne Village Apartments and those that exist elsewhere are typically already occupied. Plaintiffs also assert that since the relocation assistance offered by

the USDA is limited to those who relocate to USDA properties and there are no available USDA properties near Hawthorne Village, they would have to relocate outside of Orange County and perhaps even more than fifty miles from their current residence. Plaintiffs assert this would cause disruption in their children's education, require them to find new employment, and force them to move away from their friends and family.

A "preliminary injunction is an extraordinary and drastic remedy." Ne. Fla. Chapter, 896 F.2d at 1285. Plaintiffs have merely shown that they would suffer an inconvenience, rather than an irreparable injury, if the preliminary injunction is not granted. Such an inconvenience does not raise this claim to a level necessary for a preliminary injunction. The USDA has provided LOPE letters and offered assistance with moving expenses. Accordingly, Plaintiffs have had and will continue to have the opportunity to seek other affordable housing and will not suffer irreparable harm merely because they may have to relocate someplace that is not the most convenient for them. In addition, Plaintiff's asserted injury is not irreparable because of the possibility that monetary relief may be available at a later date.

## III. CONCLUSION

Plaintiffs' Motion for Preliminary Injunction is **DENIED** for the reasons set forth above.

**DONE** and **ORDERED** in Orlando, Florida on this ___13th___ day of September, 2006.

> G. KENDALL SHARP
> SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties