## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

JUANITA BROWN, THERESA DORSEY,
VICTORIA DORSEY, TAWANYA
McMATH, SHEENA PUGH, JANELISSE
RAMIREZ, JESSICA RIVERA,
MARGARET EXPERIENCE,
                              Plaintiffs,

-vs-                                                   Case No. 6:06-cv-1329-Orl-18UAM

U.S. DEPARTMENT OF AGRICULTURE,
MIKE JOHANNS,
HAWTHORNE VILLAGE
CORPORATION OF APOPKA, INC.,
                              Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant Hawthorne Village Corporation of Apopka's ("HVCA") Motion to Dismiss Amended Complaint (Doc. 45, filed March 27, 2007), to which Plaintiffs Juanita Brown, Theresa Dorsey, Victoria Dorsey, Tawanya McMath, Sheena Pugh, Janelisse Ramirez, Jessica Rivera, and Margaret Experience ("Plaintiffs") responded in opposition. (Doc. 50, filed April 6, 2007.) After reviewing the motions and memoranda submitted by the parties, the Court grants HVCA's motion and dismisses the Amended Complaint against HVCA without prejudice.

Eleven low income tenants of Hawthorne Village Apartments initially filed a Complaint against Defendants United States Department of Agriculture and Mike Johanns, Secretary of the United States Department of Agriculture (collectively, "USDA"), as well as against HVCA. (Doc. 1, filed September 5, 2006.) Three of those tenants were voluntarily dismissed from this

action.  (See Doc. 37, filed December 11. 2006.)  On March 28, 2007, Plaintiffs filed an Amended Complaint alleging that USDA failed to provide benefits as provided by the Uniform Relocation Act, 42 U.S.C. §§ 4601-4655 ("the URA"), and that HVCA violated the mortgage agreement with USDA, the lease agreements with the tenants, and the Florida Residential Landlord and Tenant Act, Fla. Stat. §§ 83.40, *et seq*.  (Doc. 46.)

Specifically, Plaintiffs allege three counts against HVCA.  Count II of the Amended Complaint alleges that HVCA breached the mortgage agreement it had entered into with the USDA in which HVCA had agreed that it would not require any eligible person to vacate without cause.  Count III alleges that HVCA breached the Lease Agreements because it terminated Plaintiffs' Lease Agreements without good cause.  Finally, Count IV alleges that HVCA violated the Florida Residential Landlord and Tenant Act by failing to maintain Hawthorne Village Apartments in good repair.

In the Amended Complaint, Plaintiffs allege that this Court has supplemental jurisdiction over its state law claims against HVCA, pursuant to 28 U.S.C. § 1367(a).  However, 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  A district court should "take into account concerns of comity, judicial economy, convenience, fairness, and the like" in determining whether continued exercise of supplemental jurisdiction is appropriate.  Crosby v. Paulk, 187 F.3d 1339. 1352 (11th Cir. 1999) (quoting Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249. 257 (1st Cir. 1996)).  In an accompanying Order, this Court grants summary judgment to USDA on Plaintiffs' claim for

benefits under the URA.  The only remaining claims are the three counts against HVCA for

violations under state law.   Accordingly, this Court declines to continue to exercise

supplemental jurisdiction over the state law claims against HVCA.

For the foregoing reasons, the Court **GRANTS** HVCA's Motion to Dismiss.  Counts

II, III, and IV of Plaintiffs' Amended Complaint are **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Orlando. Florida on this $\underline{2^{nd}}$ day of October. 2007.

_____
**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties