# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JUANITA BROWN, FRANCES DORSEY,
THERESA DORSEY, VICTORIA DORSEY,
VICTORIA DORSEY, RUBY HAWKINS,
TAWANYA McMATH, SHEENA PUGH,
JANELISSE RAMIREZ,  TRENA LENON,
JESSICA RIVERA, MARGARET
EXPERIENCE,

        **Plaintiffs,**

-vs-                                   **Case No.  6:06-cv-1329-Orl-18UAM**

U.S. DEPARTMENT OF AGRICULTURE,
MIKE JOHANNS,
HAWTHORNE VILLAGE CORPORATION
OF APOPKA, INC.,

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR REVIEW OF THE CLERK'S TAXATION OF COSTS AGAINST PLAINTIFFS (Doc. No. 63)** |
| **FILED:** | **October 18, 2007** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED.** | |

    On October 2, 2007, the Court granted Defendants' United States Department of Agriculture and

Mike Johanns (herein collectively "USDA") motion for summary judgment and judgment in favor of

USDA was entered by the Clerk.  Docket 59, 60.  On October 10, 2007, USDA filed its proposed bill

of costs totaling $856.10 for court reporter and transcript fees, which the Clerk taxed against Plaintiffs, Janelisse Ramirez, Jessica Rivera, Juanita Brown, Margaret Experience, Sheena Pugh, Tawanya McMath, Theresa Dorsey, and Victoria Dorsey, on October 11, 2007.  Docket 61, 62.  Plaintiffs now move for the Court to review the taxation of costs.

### **REDUCTION BASED ON ABILITY TO PAY**

Plaintiffs request that the Court exercise its discretion and reduce costs taxed against the Plaintiffs by at least 50% based on their financial status. USDA did not file an opposition to the Plaintiffs' motion, but the Plaintiffs' Certificate of 3.01(g) Compliance (Doc. No. 64) indicates that USDA opposes the Plaintiffs' motion.

Federal Rule of Civil Procedure 54(d) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Eleventh Circuit has held that "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Circuit). Numerous other circuit courts have likewise held that the court has discretion in deciding allowable costs and that the court properly may consider the losing party's financial condition in determining whether costs should be allowed.  *See, Mother& Father v. Cassidy*, 338 F.3d 704, 710 (7th Cir.2003) (holding that under Rule 54(d), costs must be awarded to a prevailing party unless that party engaged in misconduct or the losing party is indigent); *In re Derailment Cases*, 417 F.3d 840, 845 (8th Cir. 2005) (district court did not abuse its discretion in considering the losing party's financial means as part of its decision to award costs); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001) (a factor weighing in favor of denying costs is the indigency of the losing party); *Whitfield v. Scully,* 241 F.3d 264,

270 (2d Cir. 2001) (a district court may deny costs on account of a losing party's indigency, but indigency per se does not automatically preclude an award of costs); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 464 (3d Cir. 2000) (If a losing party is indigent or unable to pay the full measure of costs, a district court may, but need not automatically, exempt the losing party from paying costs). The Eleventh Circuit requires that a district court mandate "substantial documentation of a true inability to pay" when considering the non-prevailing party's financial condition in determining the amount of costs to award. *Chapman*, 229 F.3d at 1039.

In the motion to review costs, each of the Plaintiffs' financial status is indicated as follows:

(1) At the time of filing the complaint, Juanita Brown had a family of four with an income of $20,462. Doc. No. 63, ¶ 4. She had $80 in assets. Doc. No. 46-2 at 13. Brown currently lives with her daughter and pays $400.00 in rent, and she is on a waiting list for subsidized housing. Doc. No. 63, ¶ 5.

(2) At the time of filing the complaint, Theresa Dorsey lived with her son and a disabled daughter with an income of $22,069. Doc. No. 63, ¶ 6. She had no assets. Doc. No. 4-7 at 27, 46-2 at 26. She currently resides in subsidized housing in Eustis, Florida.

(3) At the time of the complaint, Victoria Dorsey lived with her two minor children and had an income of $25,975. Doc. No. 63, ¶ 8. She had no assets. Doc. No. 46-2 at 39.

(4) At the time of filing the complaint, Margaret Experience was disabled and her sole source of income was Social Security. Doc. No. 4-7 at 46. She currently lives in subsidized housing in Orlando with her adopted grandson. Doc. No. 55-10 at 16.

(5) At the time of the complaint, Tawanya McMath lived with her five minor children with an income of $16,630. Doc. No. 63, ¶ 11. She currently lives in subsidized housing in Eustis, Florida with

her children, and her last certification of income reported an income of $21,840. Doc. No. 63-2 at 7. She has no assets. *Id.*

(6) At the time of filing the complaint, Sheena Pugh lived with her minor daughter with an income of $14,071. Doc. No. 63, ¶ 13. She had no assets. Doc. No. 46-3 at 15. Since then, Pugh had a second child and was unemployed at the time of her statement. Doc. No. 4-7 at 35.

(7) At the time of the complaint, Janelisse Ramirez lived with her 2 children with an income of $18,881. Doc. No. 63, ¶ 14. She had $320 in family assets. Doc. No. 46-3 at 27. She is currently residing in Puerto Rico and counsel is unaware of her current living situation. Doc. No. 63, ¶ 15.

(8) At the time of the complaint, Jessica Rivera lived with her 2 children with an income of $21,869. Doc. No. 63, ¶ 16. She currently resides in Eustis, Florida in subsidized housing, and her last certified income was $8,568 for a family of three. Doc. No. 63-2 at 10.

Based on their aforementioned earnings, the Plaintiffs are indigent. The Court, therefore, should exercise its discretion to reduce the costs owed by the Plaintiffs based on there financial condition.

**IT IS, THEREFORE, RECOMMENDED THAT:**

1.      The Court grant Plaintiffs' motion to review USDA's costs as taxed by the Clerk;

2.      The Court reduce USDA's recoverable costs to 428.05.

3.      The Court direct the Clerk to enter an Amended Bill of Costs against Plaintiffs in the amount of $428.05, consistent with this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 2, 2008.

-4-      *Donald P. Dietrich*

DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp